IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VANESSA THOMPSON, | Case No. CV-05-245-S-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| ROOT RENTS, INC., an Idaho Corporation, | |
| Defendant. | |

The Court has before it Defendant Root Rents, Inc.'s (Root) Motion to Strike (Docket No. 4), and Plaintiff Thompson's Motion to Summarily Dismiss Motion to Strike (Docket No. 5). The Court has determined that oral argument will not assist the Court in its decision and therefore will decide the motions based on the briefs.

## BACKGROUND

On June 21, 2005, Thompson filed its Complaint against Root alleging sexual harassment, discrimination and retaliation. In lieu of an Answer, Root filed a Rule 12(f) motion to strike certain portions of Thompson's Complaint. The next day, Thompson filed a motion to dismiss Root's motion to strike. One day later,

**Memorandum Decision and Order -- Page 1**

Root filed a response to Thompson's motion to dismiss. Approximately one week later, Thompson filed a response to Root's motion to strike. Neither party filed a reply brief in support of their motion, and the deadlines for doing so have now passed.

## ANALYSIS

### I.     Motion to Summarily Dismiss Motion to Strike

The Court will first address Thompson's Motion to Summarily Dismiss Motion to Strike. Thompson requests that the Court dismiss Root's motion to strike because Root violated Local Rule 7.1(b) by failing to file a separate brief in support of its motion. Local Rule 7.1(b) states that "[e]ach motion, other than a routine or uncontested matter, must be accompanied by a separate brief, not to exceed twenty (20) pages, containing all of the reasons and points and authorities relied upon by the moving party."

Root did, in fact, fail to file a separate brief in support of its motion. Additionally, Root's motion is neither uncontested nor routine. Ironically, however, Thompson failed to file a separate brief in support of its motion to dismiss Root's motion to strike. Thompson's motion is likewise neither uncontested nor routine. Both parties therefore violated Local Rule 7.1(b).

At this point the Court will give each party one free pass and consider the

**Memorandum Decision and Order -- Page 2**

motions on the merits. The Court cautions both parties, however, to be cognizant of the Local Rules in the future.

Because the only argument asserted by Thompson in her motion to dismiss is that Root failed to submit a separate brief, and because the Court has determined to give Root a free pass on that issue, the Court will deny the motion.

## II.     Motion to Strike

The Court next turns to the merits of the Motion to Strike. Root moves under Federal Rule of Civil Procedure 12(f) to strike paragraphs 27-31 of the Complaint, alleging that they refer to inadmissible settlement discussions. Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.12(f).

Settlement discussions are inadmissible to show fault under Federal Rule of Evidence 408. Moreover, although Rule 408 is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the rule as immaterial. *See e.g. Kelly v. L.L. Cool J., et al.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992); *Austin v. Cornell Univ.*, 891 F.Supp. 740, 750 (N.D.N.Y. 1995) *rev'd on other grounds*; *United States v. Centracare Health Systems, Inc.*, 2002 WL 1285089, *2 (D.Minn. 2002); *Braman v. Woodfield Gardens Assocs. Realcorp*

**Memorandum Decision and Order -- Page 3**

*Investors I*, 715 F.Supp. 226, 230 (N.D.Ill. 1989).

Upon review of the paragraphs in question here, however, the Court disagrees with Root that the Complaint improperly discusses settlement negotiations. Rule 408 is founded on two main policies: (1) "[t]he evidence is irrelevant since the offer may be motivated by a desire for peace rather than from any concession of weakness of position," and (2) "[a] more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408, Advisory Committee Note; *see also Philadelphia's Church of Our Savior v. Concord Township*, 2004 WL 1824356 (E.D.Pa. 2004).

The information contained in paragraphs 27-31 relates neither to a desire for peace nor a compromise of the dispute. Rather, it relates to alleged events surrounding Thompson's last days as an employee of Root and the reasons for her alleged termination. While paragraph 31 suggests that the parties contemplated a Rule 408 settlement conference, it also suggests that ultimately the conference never occurred. (See Complaint, ¶¶ 27-31). Accordingly, based on the information now before the Court, the Court will not strike paragraphs 27-31 from

**Memorandum Decision and Order -- Page 4**

the Complaint.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Root's Motion to Strike (Docket No. 4) be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED, that Thompson's Motion to Summarily Dismiss Motion to Strike (Docket No. 5) be, and the same is hereby, DENIED.

DATED: **August 31, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

---

[1] This Memorandum Decision and Order is based solely on the limited information before the Court at this time and relates only to the Complaint. This decision is not determinative of whether evidence of the alleged facts contained in paragraphs 27-31 will be admitted at trial. That decision is left for another day if and when the issue is presented to the Court.

**Memorandum Decision and Order -- Page 5**